**Adalberto RUIZ–SANTIAGO, Plaintiff**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil No. 10–1483 (GAG).**

United States District Court,
D. Puerto Rico.

Feb. 1, 2011.

Raymond Rivera–Ésteves, Juan Hernandez Rivera & Assoc., San Juan, PR, for Plaintiff.

Ginette L. Milanes, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Defendant.

## ORDER

GUSTAVO A. GELPI, District Judge.

Upon consideration of the administrative record below, as well as the parties' memo-

---

randa (Docket No. 10 and 12), the Court REMANDS this case to the Commissioner for proceedings consistent with this order.

The ALJ in his decision dated May 8, 2008 (Tr. 21–32) determined plaintiff's RFC by adopting Dr. Pesquera–García's April 9, 2005 RFC assessment.[1] The problem with this is that plaintiff's disability period for his claim ran until almost two and a half years later, to wit, September 30, 2007.

There is, thus, evidence of record subsequent to Dr. Pesquera–Garcia's RFC which needed to be considered by the learned ALJ. In fact, the record, and of course the ALJ's decision, reveal that the ALJ did consider post-April 9, 2005 evidence. However, no subsequent RFC finding closer to September 30, 2007 was made by Dr. Pesquera–García, or any other medical expert.

As such, the Court cannot determine that the Commissioner's decision is supported by "substantial evidence" of record. If indeed, on September 30, 2007, the plaintiff's RFC was exactly the same as it was on April 9, 2005, a subsequent RFC assessment must so evidence. The ALJ is not a medical expert, thus could not make this determination himself.

Upon remand, the ALJ, shall determine the plaintiff's physical RFC as of September 30, 2007 based on contemporaneous to that date evidence of record. If warranted, the ALJ shall also employ the services of a vocational expert.

**SO ORDERED.**

---

1. Plaintiff in his memorandum erroneously states that Dr. Pesquera's RFC is dated Sep- tember 9, 2008 (Dkt. 10 at p. 5)